IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, and<br><br>Plaintiff,<br><br>v.<br><br>HOLYOKE WATER POWER COMPANY and<br>CITY OF HOLYOKE GAS & ELECTRIC<br>DEPARTMENT,<br><br>Defendants. | CIVIL ACTION NO.<br>04-30119- MAP |

## COMPLAINT

The United States of America, by and through the undersigned attorneys, by authority of the Attorney General and acting at the request of the Secretary of the United States Department of the Interior ("DOI"), and the Secretary of the United States Department of Commerce, alleges:

### NATURE OF THE ACTION

1. This is a civil action under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607, as amended, for recovery of damages for injury to, destruction of, or loss of natural resources under the trusteeship of the Secretary of the Interior, and the Secretary of Commerce, through the National Oceanic and Atmospheric Administration ("NOAA"), and for the reasonable costs of assessing such injury, destruction or loss, together with accrued interest, in connection with the release of hazardous substances at the Holyoke Gas Tar Deposits and Former Holyoke Gas Works (together, the "Site").

- 2 -

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, and Sections 107 and 113(b) of CERCLA, 42 U.S.C. §§ 9607 and 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district and because the Site is located in this district.

## DEFENDANTS

4. Defendant Holyoke Water Power Company ("Holyoke Water Power") is a specially chartered Massachusetts corporation with a place of business in Holyoke, Massachusetts. Holyoke Water Power Company owned and operated the Former Holyoke Gas Works from approximately 1859 to 1902. The Gas Works manufactured combustible gas from coal, coke and petroleum from approximately 1852 until 1951. Until December 2001, Defendant Holyoke Water Power owned a portion of the Former Holyoke Gas Works as defined by the Massachusetts Department of Environmental Protection ("DEP") (Site Number 1-0816).

5. Defendant City of Holyoke Gas & Electric Department ("HG&E") is a municipal corporation located in Holyoke, Massachusetts. HG&E operated the Former Holyoke Gas Works from approximately 1922 until 1951 and currently operates a portion of the Site, including a gas regulating station and active gas pipelines.

6. Each Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

- 3 -

## BACKGROUND

7. The Holyoke Gas Tar Deposits, DEP Site Number 1-1055, encompasses a stretch of the Connecticut River approximately 2.65 miles long beginning at or near the Connecticut River transect marked by the State Route 116 bridge. The Holyoke Gas Tar Deposits also includes the Hadley Falls Tailrace and the Number 2 Overflow Canal Raceway ("Raceway").

8. The Former Holyoke Gas Works, DEP Site Number 1-0816, was used to manufacture combustible gas from coal, coke and petroleum from approximately 1852 until 1951. The Former Holyoke Gas Works is located in Holyoke, Massachusetts.

9. In this Complaint the areas described above in Paragraphs 7 and 8 shall be collectively termed the "Site." The Site is generally located in the municipalities of Holyoke, South Hadley, and Chicopee, Massachusetts.

10. During the period of combustible gas manufacture, coal tar was released from the Former Holyoke Gas Works facility into the Connecticut River. Coal tar, a type of manufactured gas plant tar, is produced as a by-product of the high-temperature treatment of coal to make coal gas. Coal tar is composed of a mixture of several polycyclic aromatic hydrocarbon ("PAH") compounds which are hazardous substances, including benz[a]anthracene, benzo[a]pyrene, chrysene, and phenanthrene.

11. The Former Holyoke Gas Works property contains soils and groundwater contaminated with PAH compounds, among other contaminants.

12. Manufacturing gas plant ("MGP") coal tar patches or deposits have been identified in the Connecticut River covering approximately 50,000 square feet of river bottom. In addition, the Raceway of the Holyoke Canal System is contaminated with MGP tar; as much as 35,000

- 4 -

square feet of Raceway bottom sediment consist of MGP tar deposits.

13. The sediment of the Connecticut River is an important part of the local aquatic ecosystem that directly supports several rare freshwater mussels, the endangered shortnose sturgeon, numerous other finfish, and various benthic invertebrates. Connecticut River sediment also indirectly supports various migratory birds and other wildlife.

14. Sediment of the Connecticut River in the area of the MGP tar patches is injured as a result of the presence of MGP Tar.

## GENERAL ALLEGATIONS

15. The National Oil and Hazardous Substances Pollution Contingency Plan ("NCP"), 40 C.F.R. Part 300, authorizes designated natural resource trustees to act pursuant to Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), to recover natural resource damages when there is injury to natural resources and their supporting ecosystems due to a release of hazardous substances or a discharge of oil.

16. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

17. Each Defendant is or was an owner or operator of the Site within the meaning of Section 101(20)(A) of CERCLA, 42 U.S.C. § 9601(20)(A).

18. "Hazardous substances," within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), including, but not limited to PAHs, were "disposed" of from the facility at the Site during the time that each Defendant owned or operated the facility at the Site. Such substances have been found at the Site.

19. Actual or threatened releases of hazardous substances within the meaning of Section

- 5 -

101(22) of CERCLA, 42 U.S.C. § 9601(22), have occurred and continue to occur at or from the Site.

20. As a result of the releases of hazardous substances at or from the Site there has been injury to, destruction of, or loss of natural resources under the trusteeship or joint trusteeship of the Secretary of the Interior and the Secretary of Commerce, within the meaning of Section 107 of CERCLA, 42 U.S.C. § 9607.

21. The United States has incurred and will continue to incur costs in connection with responding to natural resource damages, including costs for assessing the extent of injury to, destruction of, or loss of natural resources, within the meaning of Section 107 of CERCLA, 42 U.S.C. § 9607.

## CLAIM FOR RELIEF

22. Paragraphs 1 through 21 are realleged and incorporated herein by reference.

23. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> (1) the owner and operator of a vessel or a facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, . . .
>
> shall be liable for— . . .
>
> (C) damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release . . .

24. Defendant Holyoke Water Power is liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), as a person who at the time of disposal of a hazardous substance owned or operated the facility at which such hazardous substances were disposed of.

- 6 -

25. Defendant HG&E is liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), as a person who at the time of disposal of a hazardous substance owned or operated the facility at which such hazardous substances were disposed of. Defendant HG&E is also liable under Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), as a person who operates the facility.

26. The Defendants are jointly and severally liable to the United States pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), for damages to natural resources related to the Site, including the reasonable costs of assessing injury to, destruction of, or loss of natural resources.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the Court:

a. Find the Defendants liable, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all damages that have resulted or that will result from injury to, destruction of, or loss of natural resources related to the Site, and all reasonable costs incurred or to be incurred by

- 7 -

the United States in assessing such injury, destruction, or loss, and order the Defendants to pay all such costs together with interest;

    b. Award the United States the costs of this action; and

    c. Grant such other and further relief as may be just and proper.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

*/s/ Tom Sansonetti*
THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

*/s/ Peter K. Kautsky*
PETER K. KAUTSKY
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530


MICHAEL J. SULLIVAN
United States Attorney
District of Massachusetts

*/s/ Karen Goodwin*
KAREN GOODWIN
Assistant United States Attorney
1550 Main Street
U.S. Courthouse, Room 310
Springfield, MA 01103
(413) 785-0235

OF COUNSEL:

MARGUERITE MATERA
Office of General Counsel
National Oceanic and Atmospheric
 Administration
One Blackburn Drive
Gloucester, MA 01930

MARK BARASH
Assistant Solicitor
Department of the Interior
One Gateway Center
Newton, MA 02493


Dated: May __, 2004