-16-

and this Consent Decree is without prejudice to, all rights the United States or the State may have against a Settling Defendant with respect to all other matters, including but not limited to, the following:

      i. claims against a Settling Defendant for its failure to meet a requirement of this Consent Decree;

      ii. claims against a Settling Defendant for damages, including the costs of an assessment of damages, under Section 107 CERCLA, 42 U.S.C. § 9607, and/or under M.G.L. c. 21E, for injury to, destruction of, or loss of natural resources due to the past, present, or future disposal, release, or threat of release of hazardous substances or OHM outside of the Site;

      iii. any criminal liability;

      iv. claims against a Settling Defendant or its successors in interest by the United States or the State for injuries to natural resources caused by future operations or activities at the Site;

      v. claims against a Settling Defendant for Natural Resource Damages resulting from: (1) conditions at the Site, unknown to DOI, NOAA or EOEA on the effective date of this Consent Decree, that result, or have resulted, in injury to, destruction of, or loss of natural resources; or (2) information, previously unknown to DOI, NOAA or EOEA, received by DOI, NOAA or EOEA after the effective date of this Consent Decree that indicates that there is injury to, destruction of, or loss of natural resources that was unknown or of a magnitude greater than was known, to DOI, NOAA or EOEA on the effective date of this Consent Decree; and;

      vi. claims, other than claims for Natural Resource Damages, and including claims for response costs or response actions, against a Settling Defendant that the United States,

-17-

including, but not limited to, those on behalf of the United States Environmental Protection Agency, and the State, including, but not limited to, those on behalf of the Massachusetts Department of Environmental Protection, may have under applicable law relating to the Site.

b. For purposes of Paragraph 13.a.v., the information and the conditions known to the Trustees shall include only that information and those conditions set forth in the NOAA, DOI, and EOEA files for the Site on May 11, 2004.

## IX. COVENANTS BY SETTLING DEFENDANTS

14. Each Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, including all departments, agencies, administrations or bureaus thereof, or against the State, including all departments, agencies, administrations or bureaus thereof, related to Natural Resource Damages arising from the Site or this Consent Decree, including, but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA Sections 106(b), 107, 111, 112, 113 or any other provision of law;

b. any direct or indirect claim for reimbursement from the Environmental Challenge Fund established pursuant to M.G.L. ch. 29, § 2J or the Natural Resource Damages Trust Fund;

c. any claim under CERCLA Sections 107 or 113, or under M.G.L. c. 21E, or the MCP, related to the Site;

d. any claims for costs, fees or expenses, including attorneys fees, incurred in connection with this action, including, but not limited to, claims under 28 U.S.C. § 2412 (including, but not limited to, claims under the Equal Access to Justice Act, as amended, 28 U.S.C. § 2412(d)); and

-18-

e. Any claims for contribution, costs recovery, reimbursement, or equitable share relating to the Site.

15. Nothing in this Consent Decree shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

16. Notwithstanding any other provision of this Decree, the covenant not to sue in Paragraph 14 shall apply only to matters addressed in Paragraph 14 and is without prejudice to a Settling Defendant's reservation of its right to assert any claim, counterclaim or defense in the event any claim is asserted by the United States or the State against the Settling Defendant in any future cause of action or existing or future administrative claim or action reserved by the United States and the State in Section VIII, but only to the same extent and for the same matters, transactions, or occurrences as are raised in the claim of the United States or the State against the Settling Defendant.

## X. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

17. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Consent Decree may have under applicable law. Each of the Parties expressly reserves any and all rights, defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

18. a. The United States and the Settling Defendants agree, and by entering this Consent

-19-

Decree this Court finds, that each Settling Defendant is entitled, as of the effective date of this Consent Decree, to protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for all matters addressed in this Consent Decree; provided nothing herein shall prevent the Settling Defendants from seeking contribution from each other. The matters addressed in this Consent Decree are Natural Resource Damages as defined in Section IV (Definitions) of this Consent Decree.

      b. The State and the Settling Defendants agree, and by entering this Consent Decree this Court finds, that pursuant to M.G.L. c. 21E, § 3A(j)(2), Settling Defendants are entitled, as of the effective date of this Consent Decree, to protection from claims brought pursuant to M.G.L. c. 21E, section 5(a)(ii) regarding matters addressed in this Consent Decree as to those persons receiving notice and an opportunity to comment on this Consent Decree in accordance with and to the extent provided by, M.G.L. c. 21E, § 3A(j)(2); provided nothing herein shall prevent the Settling Defendants from seeking contribution from each other. For purposes of this Paragraph 18.b., "matters addressed" shall be as defined as in Paragraph 18.a. Settling Defendants shall have 30 days following the lodging of the Consent Decree to provide notice to the public pursuant to M.G.L. c. 21E, § 3A(j)(2). The 90 day comment period shall commence 31 days after the date of lodging of this Consent Decree. Settling Defendants' failure to provide timely and adequate notice to one person shall not affect their rights as against any other person who received such notice.

      19. In any subsequent administrative or judicial proceeding initiated by the United States or the State for injunctive relief, recovery of response costs, or other appropriate relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based

-20-

upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, the entire controversy doctrine, or other defenses based upon any contention that the claims raised by the United States or the State in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section IX (Covenants by Plaintiffs).

20. The Settling Defendants agree that with respect to any suit or claim for contribution brought against them for matters related to this Consent Decree or the Site they will notify in writing the United States and the State within 10 days of service of the complaint on them. In addition, Settling Defendants shall notify the United States and the State within 10 days of service or receipt of any Motion for Summary Judgment and within 10 days of receipt of any order from a court setting a case for trial.

21. a. This Consent Decree shall not relieve Settling Defendants from their obligations to comply with any federal or state law, regulation, order, or permit. Nothing in this Consent Decree shall preclude Settling Defendants from applying to regulatory agencies for licenses, approvals, permits or modifications to licenses, approvals, or permits.

b. Notwithstanding any provision of this Consent Decree, the United States and the State hereby retain all of their information gathering and inspection authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA, M.G.L. 21E, and/or any other applicable statutes or regulations.

c. Notwithstanding any other provision of this Consent Decree, the United States and the State retain all authority and reserve all rights to take any and all response actions authorized by law, and to direct or order all appropriate action, or seek an order from the Court, to protect

-21-

human health and the environment or to prevent, abate, respond to, or minimize an actual or threatened release of hazardous substances or OHM on, at, or from the Site.

22. This Consent Decree shall not constitute evidence in any proceeding, except in a proceeding to enforce the provisions of this Consent Decree or in any proceeding regarding the meaning of a provision of the Consent Decree.

## XI. NOTICES AND SUBMISSIONS

23. Whenever, under the terms of this Consent Decree, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be sent to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided. Unless otherwise specified in this Consent Decree, written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, the State, and the Settling Defendants, respectively.

As to the United States:

    Chief, Environmental Enforcement Section
    Environment and Natural Resources Division
    U.S. Department of Justice
    P.O. Box 7611
    Ben Franklin Station
    Washington, D.C. 20044
    Re: DJ # 90-11-3-1455

-22-

Marguerite Matera
Attorney
NOAA
Office of General Counsel
One Blackburn Drive
Suite 205
Gloucester, MA 01930

Mark Barash
U.S. Department of the Interior
Office of the Solicitor
One Gateway Center
Suite 612
Newton Corner, MA 02158-2868

As to the State:

Matthew Brock
Assistant Attorney General
Commonwealth of Massachusetts
Office of the Attorney General
Environmental Protection Division
One Ashburton Place, 18th Floor
Boston, MA 02108

Thomas LaRosa
Assistant General Counsel
EOEA
251 Causeway Street, 9th floor
Boston, MA  02114

As to the Settling Defendants:

James M. Lavelle, Manager
City of Holyoke Gas & Electric Department
99 Suffolk Street
Holyoke, MA 01040

-23-

John J. Ferriter, Esq.
Ferriter & Ferriter, LLC
150 Lower Westfield Road, Suite 100
Holyoke, MA 01040

Linda T. Landis
Senior Counsel
Public Service Company of New Hampshire
P.O. Box 330
Manchester, NH 03105-0330

## XII. EFFECTIVE DATE

24. The effective date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court.

## XIII. RETENTION OF JURISDICTION

25. This Court retains jurisdiction over the subject matter of this Consent Decree, the United States, the State, and the Settling Defendants for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms.

26. Nothing in this Consent Decree shall be deemed to alter the Court's power to enforce, supervise or approve modifications to this Consent Decree.

## XIV. APPENDICES

27. The following appendix is attached to and incorporated into this Consent Decree:

Appendix A        Map of the Site

## XV. COSTS AND ATTORNEY FEES

28. If any of the Trustees bring an action to collect any payment or enforce any obligation required by this Consent Decree, and if the Trustee prevails in such action, Settling Defendants

-24-

shall reimburse the Trustee for all costs of such action, including, but not limited to, attorney's fees.

## XVI. MODIFICATION

29. Non-material modifications to the Consent Decree may be made only by written notification to and written approval of the United States, the State, and each of the Settling Defendants. Such modifications will become effective upon filing with the Court by the United States. Material modifications to the Consent Decree may be made only by written notification to and written approval of the United States, the State, Settling Defendants, and the Court. Nothing in this Decree shall be deemed to alter the Court's power to enforce this Consent Decree.

## XVII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

30. a. This Consent Decree shall be lodged with the Court and subject to public notice and comment in accordance with M.G.L. c. 21E, § 3A(J)(2) and consistent with 28 C.F.R. § 50.7.

b. The United States reserves the right to withdraw or withhold its consent to the Consent Decree if comments received regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper or inadequate. In addition, in the event of the State's withdrawal from this Consent Decree, the United States reserves its right to withdraw from this Consent Decree.

c. The State reserves the right to withdraw or withhold its consent to the Consent Decree if comments received regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper or inadequate. In addition, in the event of the United States' withdrawal from this Consent Decree, the State reserves its right to

-25-

withdraw from this Consent Decree.

31. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVIII. SIGNATORIES/SERVICE

32. Each undersigned representative of a Settling Defendant to this Consent Decree, the State, and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

33. Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States or the State has notified the Settling Defendants in writing that it no longer supports entry of the Consent Decree.

34. Each Settling Defendant shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to the filing of the Complaint. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.

-26-

## XIX. FINAL JUDGMENT

35. Upon approval and entry by the Court, this Consent Decree shall constitute a final judgment pursuant to Fed. R. Civ. P. 54 and 58.

        SO ORDERED THIS ____ DAY OF _____, 2004

        _____
        United States District Judge

-27-

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States and Commonwealth of Massachusetts v. Holyoke Water Power Company</u>, relating to the Holyoke Gas Tar Deposits Site and Former Holyoke Gas Works Site.

FOR THE UNITED STATES OF AMERICA

_____
Thomas L. Sansonetti
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

_____
Peter K. Kautsky
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530


Michael J. Sullivan
United States Attorney
District of Massachusetts

_____
Karen Goodwin
1550 Main Street
U.S. Courthouse, Room 310
Springfield, MA 01103
(413) 785-0235

-28-

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States and Commonwealth of Massachusetts v. Holyoke Water Power Company</u>, relating to the Holyoke Gas Tar Deposits Site and Former Holyoke Gas Works Site.

FOR THE COMMONWEALTH OF MASSACHUSETTS

Thomas F. Reilly
Attorney General
Commonwealth of Massachusetts


_____
Matthew Brock
Assistant Attorney General
Commonwealth of Massachusetts
Office of the Attorney General
Environmental Protection Division
One Ashburton Place
18th Floor
Boston, Massachusetts 02108

_____
Ellen Roy Herzfelder
Secretary of Environmental Affairs
Executive Office of Environmental Affairs of the
Commonwealth of Massachusetts
100 Cambridge Street
Suite 900
Boston, MA  02114

-29-

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States and Commonwealth of Massachusetts v. Holyoke Water Power Company</u>, relating to the Holyoke Gas Tar Deposits Site and Former Holyoke Gas Works Site.

FOR HOLYOKE WATER POWER COMPANY

Date: _____

*/s/ Jean M. LaVecchia*
Jean M. LaVecchia
Vice President
Human Resources and Environmental Services
107 Selden Street
Berlin, Connecticut 06037
860-665-3650

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Jean M. LaVecchia
Title: Vice President
       Human Resources and Environmental Services
Address: 107 Selden Street
       Berlin, Connecticut 06037
Tel. Number: 860-665-3650

-30-

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States and Commonwealth of Massachusetts v. Holyoke Water Power Company</u>, relating to the Holyoke Gas Tar Deposits Site and Former Holyoke Gas Works Site.

                                        FOR CITY OF HOLYOKE GAS & ELECTRIC
                                        DEPARTMENT

Date: 5·11·04                   *James M. Lavelle* (signature)
                                        James M. Lavelle, Manager
                                        City of Holyoke Gas & Electric Department
                                        99 Suffolk Street
                                        Holyoke, MA 01040
                                        (413) 536-9311


Agent Authorized to Accept Service on Behalf of Above-signed Party:

    Name:      James M. Lavelle
    Title:       Manager
    Address:   99 Suffolk Street
                   Holyoke, MA 01040
                   (413) 536-9311

**Holyoke Gas Tar Deposits**
**MA DEP Site # 1-1055**

**Disclaimer**

This map is for illustrative purposes only and is based on information found in MA DEP site file # 1-1055 on June 28, 2000. The boundaries of the site and the site portions are not based on surveyed data.

**Legend**

- Site Portion 1
- Site Portion 2
- Site Portion 3

Scale: 800 0 800 1600 2400 3200 Feet

Figure 2 - Holyoke Gas Tar Deposits
Massachusetts DEP Site #1-1055
June 2000

Source: Identification of Coal Tar Residue & Analysis of
Remedial Options - Connecticut River, Holyoke, Massachusetts
Metcalf & Eddy, February 1995

LEGEND

- SITE PORTION 1
- SITE PORTION 2 (UPSTREAM BOUNDARY ONLY)
- SITE PORTION 3
- FORMER HOLYOKE GAS WORKS (MA DEP SITE #1-0818)
- (1) APPROX. AREA OF TAR IN SITE PORTION 1
  BUCKLEY AND KYNARD, 1983

SCALE: